IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. DIAZ, | No. 2:12-CV-2616- MCE-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| WILLIAM KNIPP, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner seeks leave to proceed in forma pauperis. Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. The request will be granted.

      In addition, petitioner has requested a stay in this case to allow him time to return to state court and exhaust newly discovered claims.

      The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v.

1

Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted.  See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case.  See Rhines v. Weber, 544 U.S. at 277.  If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics.  See id. at 278.  Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless.  See id. at 277.  If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves:  (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition.  See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

Under Kelly, the district court is required to "consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).  Whether to exercise this option is

within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the "clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

      Here, as petitioner indicates the claims in his current petition are all exhausted, it is in the court's discretion under Kelly whether to grant a stay. As plaintiff states his claims are newly discovered, the undersigned finds a stay to be appropriate.

      Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted;

2. Petitioner's motion to stay these proceedings (Docs. 3, 7) is granted;

3. This action is stayed and the exhausted claims are held in abeyance pending the exhaustion of petitioner's state habeas petition;

4. Petitioner shall file a status report every six (6) months, keeping the court apprised of the progress of his state habeas petition; and

5. Petitioner shall file an amended petition, containing all of his exhausted claims, within 60 days of the date the California Supreme Court denies his state habeas petition.

DATED: September 30, 2013

                                                              **CRAIG M. KELLISON**
                                                              UNITED STATES MAGISTRATE JUDGE