# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE G. DIAZ,                    No. 2:12-cv-2616- MCE-CMK-P

    Petitioner,

  vs.                             FINDINGS AND RECOMMENDATION

TIM PEREZ,

    Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 24).  Petitioner filed an opposition to the motion (titled a traverse) (Doc. 27); Respondent filed a reply brief (Doc. 30).

    **I.**    **Background**

      This case proceeds on petitioner's second amended petition (Doc. 12).  In his current petition, petitioner raises four claims:  (1) defective arrest warrant violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights; (2) ineffective assistance of counsel; (3) denial of due process rights as to pre-accusation delay, filing of the complaint two years after petitioner had admitted to conduct; and (4) denial of due process and right to fair trial when trial court

1

denied petitioner' motion for new trial.

Petitioner is challenging his 2009 conviction out of Solano County. Petitioner's conviction was final on February 8, 2011, the California Supreme Court denied review on November 10, 2010. He filed[1] a petition for writ of habeas corpus in the Solano County Superior Court on July 25, 2011, alleging due process violation for filing charges after the statute of limitations and filing a complaint two years after his admission of the acts violated his right to speedy trial. The Solano County Superior Court denied his speedy trial claim on September 11, 2011, for failure to raise the issue on direct appeal, and his statute of limitations claim on November 1, 2011.

Petitioner then filed a petition with the California Court of Appeal on January 5, 2012, which was denied February 15, 2012. Petitioner waited until July 18, 2012, to file a petition in the California Supreme Court, which was denied on October 10, 2012. The original petition in this action was filed on October 18, 2012. A stay was entered in this case in 2013 to allow petitioner time to return to state court and file a state habeas petition to exhaust additional claims. Following denial of his state habeas petition, petitioner filed an amended petition in 2014. Petitioner then filed a second amended petition at the court's direction on May 2, 2014.

While this action was pending, petitioner filed a second habeas petition with the Solano County Superior Court on April 9, 2013. This petition was denied on June 6, 2013. Petitioner then filed a second petition with the California Supreme Court on October 8, 2013, which was denied on January 21, 2014.

**II.     Motion to Dismiss**

Respondent brings this motion to dismiss on the grounds that claims one, two and three in the amended petition are procedurally defaulted, and alternatively, that claims one and two are untimely. Specifically, respondent contends that claims one and two are untimely as the

---

[1] The filing dates used here are the most beneficial to petitioner, and take advantage of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266 (1988).

statute of limitations expired prior to petitioner filing his amended petition and the two claims do not relate back to the claims contained in the original petition. Alternatively, respondent contends that claims one and two are procedurally defaulted as the California Supreme Court denied the claims as untimely. Finally, respondent argues that claim three is procedurally defaulted as this claim was denied by the state courts for failure to raise the claim on direct appeal.

In opposition, petitioner argues his claims are timely filed, the claims are all exhausted and the new claims relate back to the original claims.

### III. Discussion

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

    1.    Statute of Limitations; Claims 1 and 2

In the second amended petition, claim 1 challenges a defective arrest warrant and claim 2 alleges ineffective assistance of counsel. Neither claim was raised in petitioner's original federal habeas petition. Petitioner requested a stay in this case to return to state court and

exhaust those two claims, which the court granted pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Respondent now argues these two claims are untimely.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

///

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S. Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Petitioner's original petition filed in this action contained only claims 3 and 4 of his current petition. Respondent does not challenge the timeliness of those claims. Petitioner

5

then requested the court stay this matter to allow him the opportunity to exhaust his current claims 1 and 2. The court entered the stay on September 30, 2013, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). On February 10, 2014, petitioner filed his first amended petition wherein he informed the court his claims had been exhausted. The court informed petitioner that his amended petition, however, did not contain all of his claims, so he was provided an opportunity to file a second amended petition to include all of his claims in one petition. That petition was filed on May 2, 2014, and the stay was lifted on October 17, 2014.

Respondent contends that the newly exhausted claims, claims 1 and 2 of the current petition, are untimely as filed beyond the statute of limitations. Respondent argues the statute of limitations expired on February 8, 2012, and the petition containing these two new claims was not filed until February 10, 2014. Therefore, unless the claims relate back to the claims contained in the original petition, which were timely filed, the new claims must be dismissed.

Petitioner argues he is entitled to statutory tolling during the entire time he was exhausting his original claims in state court. However, as set forth above, where a petitioner unreasonably delays in filing at the next level, the statute of limitations tolling is not available. Here, petitioner delayed 154 days between the denial of his petition by the California Court of Appeal and the filing of his petition with the California Supreme Court. The only reason for the delay provided by petitioner was his lack of legal knowledge. He, like most prisoners, is untrained in legal proceedings. However, the statute of limitations and case law all provide that prisoners, like petitioner, have limited time in which to proceed with their actions. A delay of 154 days between the filing of his habeas petition at the next level is an unreasonable delay, for which statutory tolling is unavailable.

Accordingly, prior to the filing of his first state habeas petition, petitioner had used 167 of his 365 days. The statute of limitations was then tolled during the pendency of the state court action through the denial of his petition by the California Court of Appeal on February

6

15, 2012. Petitioner then used another 154 days of the limitations period prior to filing his state habeas petition with the California Supreme Court. After the California Supreme Court denied his petition on October 10, 2012, the clock started running again until he filed his original petition in this court on October 18, 2012. For the claims contained in his original petition, those claims were timely filed and are not challenged. However, petitioner only included two of his four current claims in that original petition. For the other two claims, at issue in this motion, the clock continued to run. Petitioner did not file a federal habeas petition containing those two claims until February 2014, which would have been beyond the statute of limitations.

        To the extent petitioner contends that the second state habeas petition he filed with the Solano County Superior Court in April 2013 tolled the statute of limitations, he is incorrect. As set forth above, statutory tolling is not available for different sets of post-conviction applications. Further, to the extent petitioner argues that the stay of these proceedings by the court was sufficient to toll the running of the statute of limitations on petitioner's unexhausted claims, he is again mistaken. As set forth more fully below, once the statute of limitations has run, any amendment to the habeas petition must relate back to the claims contained in the original petition to be considered timely filed, even when a stay of the current proceedings has been entered. Similarly, petitioner provides no reason for his delay between the filing of his request for a stay of these proceedings, originally filed in October 2012, and the filing of his second habeas petition in the Solano Superior Court in April 2013. Clearly, petitioner was aware in October 2012 of the additional claims he wanted to pursue, yet delayed almost six additional months before filing his exhaustion petition with the state courts. A six month delay would be considered an unreasonable delay under any circumstance, thus not enabling the benefit of statutory tolling. Therefore, only if those two new claims relate back to those contained in the original federal habeas petition can they be considered timely filed.

        Under Federal Rule of Civil Procedure 15(c)(2), which is applicable in habeas proceedings, amendments made after the statute of limitations has run relate back to the date the

original pleading was filed if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. See Mayle v. Felix, 545 U.S. 644, 656 (2005). An amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original petition set forth. See id. at 650. Relation back requires a common core of operative facts uniting the original and new claims. See id. at 659. In the habeas context, the Ninth Circuit held that the words "same conduct, transaction, or occurrence" meant that an amended habeas petition would relate back so long as any new claims stems from the petitioner's trial, conviction, or sentence. See id. at 656-67. The Supreme Court noted that, under this formulation, "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence. . . ." Id. at 657. The majority of circuits have adopted a narrower rule in light of AEDPA's one-year statute of limitations. See id. The narrow rule allows relation back only when "the claims added by amendment arise from the same core facts as the timely claims and not when the new claims depend upon events separate in 'both time and type'" from the originally raised claims. Id. In determining whether the amended claim and original claim arose from a common core of operative facts, the Supreme Court in Mayle compared the facts required to answer the dispositive questions presented as to each claim. See id. at 661.

    Here, petitioner's two original claims relate to due process violations for delay in filing the complaint against him and for denying him a new trial. The two new claims relate to whether the arrest warrant was defective, and whether he received effective assistance of counsel at trial. Looking at the facts which would necessarily support each of these claims, the undersigned does not find many similarities. As to whether the arrest warrant was defective, petitioner contends a court clerk did not have authority to issue the arrest warrant. As to his claim of ineffective assistance of counsel, petitioner contends that his counsel was ineffective for failing to contest the defective arrest warrant. While both of these claims relate to an alleged defective arrest warrant, neither of his prior claims do. Rather, his prior claims relate to the delay

in filing the complaint after petitioner admitted to the underlying conduct, and the trial court's denial of a new trial on the grounds that the evidence could have raised a reasonable doubt about the age of the victim. Again, the denial of a new trial and the delay in filing the complaint rest on different facts that are unrelated to any defect in the arrest warrant.

The undersigned does not find the new claims relate back to the claims raised in the original petition. As such, the new claims are untimely and should be dismissed.

2.	Procedural Default; Claims 1 and 2

Alternatively, respondent contends that even if claims 1 and 2 are not barred by the statute of limitations, they should be dismissed as procedurally defaulted. This argument rests on the state court's denial of petitioner's second habeas petition as a successive and untimely petition, citing In re Reno, 55 Cal.4th 428, 453 (2012), In re Clark 5 Cal.4th 750, 767-70 (1993), and In re Robbins, 18 Cal. 4th 770, 780 (1998).

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief relies on a state law ground that is independent of federal law and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989). Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)). In cases where the state court denies a claim based on a procedural default but also discusses the merits of the claim, the claim is nonetheless procedurally barred on federal habeas review unless the state court's decision fairly appears to rest primarily upon federal law. See Coleman, 501 U.S. at 737.

Here, petitioner's second state habeas petition was denied as untimely. In Walker v. Martin, the Supreme Court held that California's timeliness requirement qualifies as an independent state ground adequate to bar federal habeas relief. See 131 S. Ct. 1120, 1128-31

(2011).  Accordingly, even if claims 1 and 2 were considered to relate back in order to be considered timely filed, as the state court denied these claims as untimely, they would be procedurally barred.  The undersigned finds these claims should be dismissed.

          3.         Procedural Default; Claim 3

In claim 3, petitioner claims denial of his due process rights as to pre-accusation delay, filing of the complaint two years after petitioner had admitted to conduct.  Respondent contends this claim is procedurally defaulted as the state courts denied his habeas petition on the basis that he failed to raise this claim on direct appeal, citing In re Dixon, 41 Cal. 2d 756, 759 (1953).

Under California law, a convicted defendant desiring to bring claims in a state habeas petition must, if possible, have pursued the claims on direct appeal.  See Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) (citing In re Dixon, 41 Cal.2d 756 (1953)).  The so-called Dixon rule requiring that claims be raised on direct appeal is discretionary in that it admits of the possibility of exceptions for "special circumstances constituting an excuse" for failure to raise a claim by way of direct appeal and when such circumstances are found, the California Supreme Court may entertain the claim.  See Park, 202 F.3d at 1152 (citing Fields v. Calderon, 125 F.3d 757, 763(9th Cir. 1997)); see also Karis v. Vasquez, 828 F. Supp. 1449, 1462-63 (1993).

Prior to the Ninth Circuit addressing the independence or adequacy of California's Dixon rule post-Robbins, several lower courts, relying on the Supreme Court's decision in Martin, 131 S. Ct. 1120, determined that after the Clark decision in 1993, the Dixon bar was an adequate and independent procedural bar.  See e.g., Lee v. Mitchell, 2012 WL 2194471 (C.D. Cal. May 1, 2012); Jensen v. Hernandez, 2012 WL 1130599 (E.D. Cal. Mar. 30, 2012); Ortiz v. Harrigton, 2013 WL 6387146 (C.D. Cal. Dec. 6, 2013); McKinstry v. Chappell, 2014 WL 5485607 (E.D. Cal. Oct. 29, 2014).  However, the Ninth Circuit recently addressed that issue in Lee v. Jacquez, 788 F.3d 1124 (9th Cir. 2015).  However, in Lee, the Ninth Circuit specifically

found that the state failed to meet its burden to prove the adequacy of the procedural bar in Dixon. See id. at 1134.

Lee was decided after respondent filed the pending motion to dismiss. Therefore, there is nothing before the court addressing the adequacy of the procedural bar in Dixon since that decision. Rather, respondent relies on the District Court decisions. As the Ninth Circuit has since found the Dixon bar inadequate, the motion to dismiss claim 3 on that basis must be denied. However, the denial of the motion should be without prejudice, as respondent may be able to show the adequacy of the procedural bar set forth in Dixon, as the Ninth Circuit has now required.

### IV. Conclusion

The undersigned finds petitioner's new claims, Claims 1 and 2, to be untimely as they were filed beyond the statute of limitations and do not relate back to the claims filed in petitioner's original petition. Alternatively, the undersigned finds Claims 1 and 2 to be procedurally barred. However, the undersigned finds respondent's procedural bar argument is unsupported, and based on the new Ninth Circuit decision in Lee, the dismissal of Claim 3 should be denied.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 24) be granted in part and denied in part;

2. The motion to dismiss Claims 1 and 2 be granted as those claims were filed beyond the statute of limitations;

3. The motion to dismiss Claim 3 as procedurally barred be denied;

4. This action continue as to claims 3 and 4 of the second amended petition; and

5. Respondent be directed to file a response to the remaining claims in the petition within 30 days

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE