IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. DIAZ, | No. 2:12-cv-2616- MCE-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| TIM PEREZ, | |
|     Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for an evidentiary hearing (Doc. 32).  This action proceeds on Claim 4 of petitioner's second amended petition (Doc. 12).

       In his second amended petition, petitioner alleges as to Claim 4 that his rights to due process and fair trial were violated when the trial court denied his motion for new trial.  He argues that he presented evidence which could have raised a reasonable doubt in the jury's mind as to whether the victim was actually under the age of 13.  (Second Amend. Pet., Doc. 12 at 14).  Petitioner further explains this claim in his original habeas petition, which he has attached as an exhibit to his second amended petition, as follows:

1

> On August 28, 2009, Petitioner filed a motion for new trial regarding the conviction on count 1. The motion was based on newly discovered evidence. On October 14, 2009, after evidentiary hearing, the motion was denied. In support of the motion for new trial, Mount [victim] submitted a declaration stating, for the first time, that, "I believe I was fourteen years old when my stepfather began molesting me... He began molesting me after I began senior high school...just after I turned fourteen." At the hearing on the motion for new trial, Mount testified, "I could have been fourteen." Mount's statement constituted critical evidence; she had never before disclosed that she may have actually been 14 when the abuse started. Had the jury heard this powerful, probative, exculpatory evidence, a result more favorable to petitioner on count 1 surely would have been forthcoming. Therefore, the trial court prejudicially erred when it denied petitioner's motion for new trial. The trial court gave three reasons for denying petitioner's motion for new trial: (1) lack of diligence; (2) Mount's post-trial declaration and testimony were not "particularly credible"; (3) the newly discovered evidence was just "buyer's remorse" and would not have resulted in a different outcome. There was no evidence that Mount's new evidence was produced because she was sorry petitioner had been convicted. The evidence was produced because she first realized after trial that she was probably 14-years old when the abuse commenced. She was not acting out of "buyer's remorse." This newly discovered evidence readily could have raised a reasonable doubt in a jury's collective mind whether Mount was truly 13 when the touchings began but 14 when the sexual abuse occurred.

(Second Amend. Pet., Doc. 12 at 75).

In his motion for an evidentiary hearing, petitioner argues that he has made a colorable claim for relief and is entitled to an evidentiary hearing before any credibility determinations are made. He contends he has made a colorable showing that an evidentiary hearing is necessary and warranted. He provides no further explanation or argument other than his conclusory statement that he has made this colorable showing.

An evidentiary hearing may be required where the facts of the case are in dispute if (1) the petitioner "alleges facts which, if proved, would entitled him to relief," and (2) the state court has not "after a full hearing reliably found the relevant facts." Townsend, 372 U.S. 293, 312-13 (1963), *overruled on other grounds by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). However, "an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." Totten v. Merkle, 137 F.3d 1172, 1176 (citing Campbell v. Wood, 18

F.3d 662, 679 (9th Cir. 1994)). An evidentiary hearing is also not appropriate where there are no disputed material facts or where the claims present purely legal questions. See Harris v. Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") have limited the power of a federal court to grant an evidentiary hearing.

28 U.S.C. § 2254(e) provides:

> (1) In a proceeding instituted by an applicant for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—
>         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Thus, if petitioner "has failed to develop the facts, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of § 2254(e)(2)." Williams v. Taylor, 529 U.S. 420, 430 (2000). A prisoner fails to develop the factual basis of a claim, triggering § 2254(e)(2) if "there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel." Id. at 432. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.

In this case, respondent's motion to dismiss several of petitioner's claims has been

granted, and no response to the petition has yet been filed. Without the full record before the court, the court is unable to evaluate whether or not an evidentiary hearing should be held. In his motion, petitioner fails to address any of the requirements for the court to address his request. Therefore, the undersigned finds the motion to be premature and will deny it as such. However, the denial will be without prejudice to petitioner's ability to move for an evidentiary hearing after respondent has filed a response and the state court record is before this court. If petitioner decides to file a new motion for evidentiary hearing, however, he should be prepared to address the standards set forth above.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an evidentiary hearing (Doc. 32) is denied without prejudice as premature.

DATED: September 30, 2016

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE